IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

RICHARD B. SIMMONS,

        Petitioner,

vs.                              CIVIL ACTION NO.: CV210-045

ANTHONY HAYNES, Warden, and
ERIC HOLDER, JR., Attorney General,

        Respondents.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Richard B. Simmons, ("Simmons"), who is currently incarcerated at the Federal Correctional Instituion in Jesup, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Motion to Dismiss/Response, and Simmons filed a Traverse. For the reasons which follow, Simmons' petition should be **DISMISSED**.

## STATEMENT OF THE CASE

Simmons was convicted following jury trial in 1992. (CR191-312, N.D. Ga.). Simmons filed a timely first § 2255 motion on March 3, 1997, captioned as a "motion for reconsideration of sentence." (Id. at Doc. No. 89). In that motion, Simmons set out the same claim that he raises in the instant petition. (Id.). That motion was denied on the merits by the district court in April 1997. (Id. at Doc. No. 92). Simmons asserts that the Supreme Court's decision in Bailey v. United States, 516 U.S. 137 (1995), renders his conviction invalid because it is unclear whether the jury convicted him of merely

AO 72A
(Rev. 8/82)

possessing a firearm or for actively employing it. See id. at 148. Respondent asserts that Simmons' Petition does not satisfy § 2255's savings clause.

## DISCUSSION AND CITATION OF AUTHORITY

Ordinarily, an action in which an individual seeks to collaterally attack his conviction should be filed under 28 U.S.C. § 2255 in the district of conviction. 28 U.S.C. § 2255; Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). However, in those instances where a § 2241 petition attacking custody resulting from a federally imposed sentence is filed, those § 2241 petitions may be entertained where the petitioner establishes that the remedy provided under 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999). § 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added). The petitioner bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the § 2255 remedy. Ramiro v. Vasquez, 210 F. App'x 901, 904 (11th Cir. 2006).

Petitioner has styled his action as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241—correctly acknowledging that his time to file a motion to vacate his sentence under 28 U.S.C. § 2255 has expired. (Doc. No. 1, p. 15). However, he asserts that the remedy afforded under § 2255 is inadequate or ineffective

to challenge the legality of his detention because his petition is based upon a retroactively applicable Supreme Court decision. (Id. at p. 22).

Courts which have addressed whether remedies under § 2255 are inadequate or ineffective have found them to be so in very limited circumstances. See In re Dorsainvil, 119 F.3d 245, 248-49 (3d Cir. 1997) (holding that § 2255 remedy inadequate when intervening change in law decriminalizes conduct and defendant is barred from filing successive motion); Cohen v. United States, 593 F.2d 766, 771 n.12 (6th Cir. 1979) (holding that § 2255 remedy ineffective where defendant was sentenced by three courts, none of which could grant complete relief); Stirone v. Markley, 345 F.2d 473, 475 (7th Cir. 1963) (explaining that § 2255 remedy potentially ineffective where sentencing court refused to consider a § 2255 motion or unreasonably delayed consideration of motion); Spaulding v. Taylor, 336 F.2d 192, 193 (10th Cir. 1964) (holding that § 2255 remedy ineffective when sentencing court was abolished). None of the circumstances of these cases exists in the case *sub judice.*

To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255. The savings clause of § 2255:

> applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244.

Petitioner bases the claims set forth in his petition on the Supreme Court's decision in Bailey v. United States, 516 U.S. 137 (1995). Bailey was decided well

before the deadline for Simmons' to raise his first § 2255 motion, and Simmons raised a Bailey claim in his first motion.[1] The third Wofford requirement is the problem for Simmons. Circuit law did not foreclose Simmons' claim at the time it should have been (and was) raised in his first § 2255 motion. The fact that Simmons' claim was unsuccessful when raised under § 2255 does not render that statute's remedy "ineffective or inadequate." See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979) ("It is well established that a prior unsuccessful § 2255 motion is insufficient, in and of itself, to show the inadequacy or ineffectiveness of the remedy."). Simmons' claim would not meet the requirements of the "savings clause" even if he had not raised the Bailey issue in his first § 2255 motion. All that is required is that he had the opportunity to do so. A petitioner need have only one unobstructed procedural shot to raise the claim, and "[t]hat does not mean he took the shot, or even that he or his attorney recognized the shot was there for the taking. All the Constitution requires, if it requires that much, is that the procedural opportunity have existed." Wofford, 177 F.3d at 1244. If Simmons had failed to raise the claim in a timely § 2255 motion, when he had the opportunity to do so, that failure would not render the § 2255 remedy "inadequate or ineffective." The savings clause "does not exist to free a prisoner of the effects of his failure to raise an available claim earlier." Wofford, 177 F.3d at 1236. Accordingly, Simmons has not satisfied the requirements of § 2255's savings clause. See Wofford, 177 F.3d at 1244; see also Dean v. McFadden, 133 Fed. Appx. 640, 642 (11th Cir. 2005) (noting that all

---

[1] Simmons' first § 2255 petition was originally styled as a Rule 60(b) Motion. The court construed Simmons' filing as a § 2255 petition and denied the petition on the merits. (CR191-312, N.D. Ga., Doc. No. 92). In his reply brief, Simmons asserts that he was not properly notified of the consequences of this reclassification as required by Castro v. United States, 540 U.S. 375 (2003). The Eleventh circuit has held that Castro does not create "a portal through which to avoid the statute of limitations barrier." Outler v. United States, 485 F.3d 1273, 1280

AO 72A
(Rev. 8/82)

4

three requirements of the Wofford test must be satisfied before section 2255's savings clause is satisfied).

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Simmons' petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this  30th day of August, 2010.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE